Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: ron.richman@bullivant.com
E-Mail: susan.olson@bullivant.com

Attorneys for Plaintiffs Laborers Trust Funds

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>Cabeceira Construction, Inc., a suspended California corporation and Luis Cabeceira individually and doing business as Cabeceira Construction,<br><br>Defendants. | Case No.: C 07 4380 WDB<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT**<br><br>[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(g)(2), 1145] |

Now come the Plaintiffs, hereinabove named, and for their causes of action against Defendants, and each of them, allege as follows:

///

– 1 –

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from the defendants' failure to permit an audit of their books and records as required by the collective bargaining agreements, by the written trust agreements and by provisions of federal law.

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

## II. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the Plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4. Each of the Trust Funds is a third party beneficiary of the collective bargaining agreement described below.

5. At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C.§ 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

6. The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at times material hereto, Cabeceira Construction Inc. ("Cabeceira Construction") was a California corporation owned, operated and controlled by Defendant Luis Cabeceira with Cabeceira Construction's principal place of business located in San Mateo, California. Plaintiffs are further informed and believe, and upon that ground allege, that at some time point prior to the filing of this lawsuit, Cabeceira Construction's corporate status was suspended but the business Cabeceira Construction continued to be owned, operated and controlled by Luis Cabeceira. Plaintiff are further informed and believe, and upon that ground allege, that Cabeceira Construction and Luis Cabeceira doing business as Cabeceira Construction are and have been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

### III.   FIRST CLAIM FOR RELIEF

(Breach of Collective Bargaining Agreement)

8. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-7 of this Complaint.

– 3 –
SECOND AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

9. By virtue of Luis Cabeceira having signed a memorandum agreement on behalf of Cabeciera Construction on or about January 29, 2004, defendants became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") referred to as the Master Agreement For 2002-2006 ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendants further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds. Pursuant to the provisions of the Master Agreement, defendants agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and written trust agreements, defendants promised and agreed that: (1) they would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, they would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150.00 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, defendants would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Laborers Union and defendants has never been terminated.

12. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

13. Within two years last past, defendants materially breached and broke the aforesaid Master Agreement and trust agreements in the following respects:

    a. by failing to pay to report and failing to pay employee fringe benefit contributions (not reported, not paid) for the period December 2004 and December 2005, in the principal amount of $17,571.07;

    b. by failing to pay interest on the unpaid and delinquent employee fringe benefit contributions (not reported, not paid), in an amount calculated to be $9,686.25 as of March 25, 2008; and

    c. by failing to pay liquidated damages and interest on employee fringe benefit contributions that were paid, but paid late, for the period March – December, 2005, in the amount of $2,593.85 as of March 25, 2008.

14. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (not reported, not paid) in the principal amount of $17,571.07 plus interest and liquidated damages in the sum of $9,686.25 through March 25, 2008; and (b) liquidated damages and interest on contributions paid, but paid late, in the amount of $2,593.85 as of March 25, 2008. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, Plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## IV. SECOND CLAIM FOR RELIEF
### (Recovery of Unpaid Trust Fund Contributions)
### (ERISA §§ 502(g)(2), 515)

16. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-15 of this Complaint.

17. ERISA Section 515, 29 U.S.C. §1145, requires defendants to make such contributions to the plaintiff Trust Funds as are required under the terms of their collective bargaining agreement with the Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendants' obligations to make those contributions.

18. Plaintiffs are informed and believe, and on that ground allege, that defendants failed to report and failed to pay all employee fringe benefit contributions (not reported, not paid) into each Trust Fund for the period December 2004 and December 2005 in the principal amount of $17,571.07. Defendants are further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150.00 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19. Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $9,536.25 through March 25 2008; and

(b) Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or; (ii) liquidated damages under the Master Agreement and trust agreements of $150.00 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $9,536.25 through March 25 2008 for contributions not paid.

20. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D),

plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. **THIRD CLAIM FOR RELIEF**
### (Breach of Fiduciary Duty)
### (ERISA §§ 409(a) and 502(a)(2))

21. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-20 of this Complaint.

22. Pursuant to the trust agreements establishing the Trust Funds, the funds' assets include employee fringe benefits contributions that are required to be made to the Trust Funds. Employee fringe benefit contributions that are due and become delinquent are therefore assets of the Trust Funds.

23. Plaintiffs are informed and believe, and on that ground allege, that at all relevant times, Luis Cabeciera was the sole owner of Cabeceira Construction and as such, exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Trust Funds by Cabeceira Construction and that Luis Cabeciera was a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21), and was therefore also a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A). At all relevant times, defendant Cabeciera Construction was an employer whose employees were covered by the Trust Funds' plans and was a party in interest within the meaning of ERISA Section 3(14)(C), 29 U.S.C. § 1002(4)(C).

24. Plaintiffs are informed and believe, and on that ground allege, that defendant Luis Cabeceiera's role in Cabeceira Construction's failure to make the employee fringe benefit contributions that became due to the Trust Funds constituted a breach of his fiduciary duties, in that he failed to act for the exclusive purpose of providing benefits to participants in the Trust Funds' plans and their beneficiaries, and instead dealt with these assets of the Trust Funds in his own interest and/or in the interest of Concrete Surfacing Systems.  Plaintiffs are authorized to

seek relief for this breach under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2). As a result of said breaches, defendant Luis Cabeciera has become indebted to plaintiffs as follows:

    a. by failing to report and failing to pay employee fringe benefit contributions (not reported, not paid) for the period December 2004 and December 2005 in the principal amount of $17,571.07;

    b. by to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions, in an amount calculated to be $9,686.25 as of March 25, 2008; and

    c. by failing to pay liquidated damages and interest on employee fringe benefit contributions that were paid, but paid late, for the period March – December, 2005 in the amount of $2,593.85 as of March 25, 2008.

The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (not reported, not paid) in the principal amount of $17,571.07 plus interest and liquidated damages in the sum of $9,686.25 through March 25, 2008; and (b) liquidated damages and interest on contributions paid, but paid late, in the amount of $2,593.85 as of March 25, 2008. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

In addition, pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a), plaintiffs request that the Court grant plaintiffs such further remedial relief as the court deems just and proper.

WHEREFORE, plaintiffs pray for judgment as follows:

## VI. **RELIEF REQUESTED**

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against the defendants, and each of them, (a) for unpaid contributions (not reported, not paid) in the principal amount of $17,571.07 plus interest and liquidated damages in the sum of $9,686.25 through March 25, 2008; and (b) liquidated damages and interest on contributions paid, but paid late, in the amount of $2,593.85 as of March 25, 2008,

1 | and such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and
2 | for such other further relief as the Court may deem just and proper.
3 |     2. On the Second Claim for Relief, for recovery under ERISA § 502(g)(2), 29 U.S.C.
4 | § 1132(g)(2), for judgment against the defendants, and each of them, as follows: (a) under
5 | Section 502(g)(2)(A) - for unpaid contributions (not reported, not paid) in the principal amount
6 | of $17,571.07 according to proof at trial; (b) under Section 502(g)(2)(B) – an award of interest
7 | on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of
8 | delinquency, until the date of judgment, calculated to be $9,536.25 as of March 25, 2008; and
9 | (c) under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i)
10 | interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of
11 | delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement
12 | and trust agreements of $150.00 for each month that defendants failed to timely report and pay
13 | all employee fringe benefit contributions into each Trust Funds, calculated to be $9,536.25 as of
14 | March 25, 2008 and such other or further amounts as may be shown at trial, for costs of suit,
15 | attorneys' fees and for such other further relief as the Court may deem just and proper
16 |     3. On the Third Claim for Relief, for breach of fiduciary duty under ERISA § 409(a),
17 | 29 U.S.C. § 1109(a), for judgment against defendant Luis Cabeciera (a) for unpaid contributions
18 | (not reported, not paid) in the principal amount of $17,571.07 plus interest and liquidated
19 | damages in the sum of $9,686.25 through March 25, 2008; and (b) liquidated damages and
20 | interest on contributions paid, but paid late, in the amount of $2,593.85 as of March 25, 2008,
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

1  all additional accrued interest and liquidated damages, and such other or further amounts as may
2  be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court
3  may deem just and proper.
4  DATED: May 22, 2008

BULLIVANT HOUSER BAILEY PC

By /s/ Ronald L. Richman
   Ronald L. Richman

Attorneys for Plaintiffs Laborers Trust Funds

10552364.1

SECOND AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT